IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| CAROL SIKINA, | )<br>) |
| Plaintiff, | )<br>)  2:23-CV-01111-MJH<br>) |
| vs. | )<br>)<br>) |
| LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE; AND OFFICE OF PERSONNEL MANAGEMENT RETIREMENT SERVICES, | )<br>)<br>) |
| Defendants, | |

## MEMORANDUM OPINION

On June 16, 2023, Plaintiff, Carol Sikina, sued Defendants, Louis DeJoy, Postmaster General of the United States Postal Service, and the Office of Personnel Management Retirement Services. (ECF No. 1). On October 16, 2023, Plaintiff filed a three-count Amended Complaint, alleging violations under the Rehabilitation Act, 29 U.S.C. § 701 et seq., for failure to accommodate and retaliation. (ECF No. 16).[1] On October 15, 2024, Defendant, Louis DeJoy, filed a Motion for Summary Judgment with an accompanying brief and a Motion to Exclude Evidence with an accompanying brief (ECF Nos. 34-35, 38-39). On October 28, 2024, Plaintiff filed a Brief in Opposition to Defendant's Motion to Exclude Evidence. (ECF No. 42). On November 11, 2024, Plaintiff filed a Brief in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 48). All issues are briefed and ripe for disposition. For the following

---

[1] Plaintiff voluntarily withdrew her claim for retaliation under the Rehabilitation Act, at Count II of the Amended Complaint. *See* (ECF No. 44, at 1). On October 18, 2023, Plaintiff filed a Motion to Withdraw Count III of the Amended Complaint. (ECF No. 18). The Court granted Plaintiff's Motion. Accordingly, only the failure to accommodate claim under the Rehabilitation Act, at Count I, remains in this case.

1

reasons, Defendant's Motion to Exclude Evidence and Motion for Summary Judgment will be granted.

I.      **Statement of Facts**

Plaintiff, Carol Sikina, was a custodian for the United States Postal Service, ("USPS") from September 2007 until September 22, 2022, when she retired. (ECF No. 52, at 1). On November 5, 2021, Plaintiff suffered a stroke. (ECF No. 37-1, at 13). Following Plaintiff's stroke, she took leave, pursuant to the Family Medical Leave Act ("FMLA"). (ECF No. 52, at 2). Plaintiff's FLMA leave expired on March 29, 2022, and she was scheduled to return to work on March 30, 2022. (*Id.*). Plaintiff never returned to work and retired on September 22, 2022. (*Id.*). On December 16, 2021, Plaintiff applied for Social Security disability benefits, declaring, "I became unable to work because of my disabling condition on November 5, 2021. I am still disabled." (ECF No. 37-16). Plaintiff began receiving disability payments in May of 2022. (ECF No. 52, at 19).

From May 30, 2022, until her eventual retirement, she missed a total of approximately 880 hours of scheduled work. (*Id.*). On May 7, 2022, USPS first initiated disciplinary procedures against Plaintiff, because of her absences from work. (*Id.* at 3). In total, Plaintiff was subjected to discipline on four separate occasions, spanning from May 2022 until September, 2022. First, Plaintiff received a Letter of Warning. (ECF No. 37-3). Next, she received a 7-day suspension. (ECF No. 37-4). Then, Plaintiff received a 14-day suspension. (ECF No. 37-5). Finally, Plaintiff received a Notice of Removal. (ECF No. 37-6). Before each of these disciplinary actions were taken, Plaintiff had the opportunity to attend a Pre-Disciplinary Investigation ("PDI"). (ECF No. 52, at 3). Each PDI was attended by three USPS employees: a supervisor, a union representative, and a third employee, all of whom took notes of what happened at the PDIs. (*Id.*). Plaintiff's

PDIs occurred on May 11, 2022, June 13, 2022, July 20, 2022, and September 7, 2022. (*Id.*). The notes, recounting the conversations at the PDIs, describe that Plaintiff consistently told the attendees that she could not return to work and did not make any accommodation requests. *See* (ECF Nos. 37-7, 37-8, 37-9, 37-10). Plaintiff testified that she told the participants at the May 11, 2022 PDI meeting that she could possibly return to work if accommodated with a light-duty position. (ECF No. 37-1, at 31, 34-35, 89, 92-93).

On July 18, 2022, Plaintiff provided a doctor's note, from Dr. Bethanne McCabe, which stated, "At this time it is recommended Carol does not return to work and this will be evaluated at her next exam visit in July 2023." (ECF No. 37- 13). Also, on July 18, 2022, Plaintiff's counsel sent a fax to Defendant, with a message written with a Sharpie, that read as follows: "Attn: Accommodation Committee and H.R. Challenging the suspension notice [dated] 6/30/2022. (attached). Also attached is the medical documentation supporting Carole is not in an unauthorized absence. She is on medical leave since [November] 2021[.] Stroke!" (ECF No. 47-2). On July 22, 2022, Plaintiff sent Defendant a note, from Dr. Kali Webb, which stated that Plaintiff "should remain off work until approximately October 2022 at which time she will need to follow up with rehabilitation clinic for reevaluation and return to work recommendations." (ECF No. 37-14). On September 22, 2022, Plaintiff voluntarily retired from the USPS. (ECF No. 52, at 11). Almost two years later, on July 1, 2024, Dr. McCabe wrote another note that stated, "The patient can work light duty only and could have worked light duty had she been given that opportunity." (ECF No. 47-4).

## II.    Relevant Legal Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the

moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

4

**III.    Discussion**

**A. Motion to Exclude Dr. McCabe's July 1, 2024 Letter**

Defendant argues that Dr. McCabe's July 2024 letter, submitted by Plaintiff in response to Defendant's inquiry at Plaintiff's deposition, should be excluded as evidence for two reasons: (1) it is inadmissible hearsay evidence for which no exception applies, and (2) it is irrelevant. (ECF No. 39, at 2). Plaintiff argues that the July 2024 doctor's letter should not be excluded, because Rule 56(c)(2) of the Federal Rules of Civil Procedure allows for hearsay statements to be considered at summary judgment if they are capable of admission at trial. (ECF No. 42, at 4). Plaintiff argues that she intends to call Dr. McCabe as a witness, and Dr. McCabe's direct testimony regarding the letter makes it admissible. (*Id.*). Plaintiff further argues that Dr. McCabe's 2024 letter is relevant. (*Id.* at 6).

   **i.    803(4) Hearsay Exception**

Dr. McCabe's July 1, 2024 letter constitutes hearsay, because it is an out of court statement offered for its truth. "Hearsay is an out-of-court statement offered for its truth." *Hamilton v. Vanguard Grp., Inc.*, 2012 WL 13014106, at *2 (E.D. Pa. Apr. 27, 2012) (citing Fed. R. Evid. 801(a)). "Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." *Smith v. Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). Although Plaintiff does not attempt to admit Dr. McCabe's letter under the hearsay exception pursuant to Federal Rule of Evidence 803(4), Defendant argues that said hearsay exception does not apply to Dr. McCabe's July 2024 letter. Fed. R. Evid. 803(4) provides an exception to hearsay statements for a "Statement Made for Medical Diagnosis or Treatment." This exception does not apply unless the statement:

5

>> (A) is made for--and is reasonably pertinent to--medical diagnosis or treatment; and
>>
>> (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.

*Id.* This exception applies only to statements made to a medical professional and not those made by medical professionals. *See Plunkard v. Marks*, 2021 WL 8013872, at *7 (M.D. Pa. May 4, 2021) ("[T]his exception to the rule against hearsay only applies to a patient's statement made to a medical professional, rather than a medical professional's statement to a patient."). Additionally, for this exception to apply, the statement made by the declarant must be made for the purpose of medical diagnosis or treatment. *Kennedy v. Norfolk S. Ry. Co.*, 2008 WL 975063, at *2 (W.D. Pa. Apr. 9, 2008).

Federal Rule of Evidence 803(4) does not apply to this letter, because the statement within the letter was made by Dr. McCabe; it was not made by Plaintiff to Dr. McCabe for the purpose of medical diagnosis. Further, the record evidence shows that Dr. McCabe's July 2024 letter was produced following Defendant's inquiry during Plaintiff's deposition. During Plaintiff's deposition, Plaintiff was asked whether any of her physicians had indicated writing that she could perform light-work duty during 2022. (ECF No. 37-1, at 93-95). Plaintiff said, "I believe so," and stated that such letter was "probably" created in 2023 and "probably" authored by Dr. McCabe. (*Id.* at 94). Defendant served a discovery request, asking for the letter. In response to the request, several weeks after Plaintiff's deposition, Plaintiff provided Dr. McCabe's July 1, 2024 letter. The letter was not for the purpose of medical diagnosis or treatment. As such, Federal Rule of Evidence 803(4) hearsay exception does not apply to permit introduction of Dr. McCabe's July 1, 2024 letter at trial. For these reasons, Dr. McCabe's July 1, 2024 letter is hearsay, for which an exception does not apply.

### ii.  Federal Rule of Civil Procedure 56 (c)(2)

Plaintiff argues that even though Dr. McCabe's July 1, 2024 letter may be hearsay, it is still admissible under Federal Rule of Civil Procedure 56(c)(2), because the letter's contents will be admissible at trial through Dr. McCabe's testimony. The Third Circuit has held, "hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial. *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 223 n. 2 (3d Cir. 2000). Here, Plaintiff intends to call Dr. McCabe as a witness at trial. Plaintiff argues that Dr. McCabe has direct medical knowledge of Plaintiff's ability to work during the relevant time at issue. Dr. McCabe would testify at trial as to the contents of her July 1, 2024 letter, and she would be available for cross examination. Such direct testimony would be admissible at trial. Accordingly, Dr. McCabe's July 1, 2024 letter, to the extent it is relevant, can be considered by this Court for Summary Judgment purposes.

### iii.  Relevance of Dr. McCabe's July 2024 Letter

Even though Rule 56(c)(2) allows this Court to consider Dr. McCabe's July 1, 2024 letter for Summary Judgment purposes, it must be relevant to Plaintiff's failure to accommodate claim in order for it to be admissible. According to Rule 402 of the Federal Rules of Evidence, irrelevant evidence is not admissible. Rule 401 of the Federal Rules of Evidence holds that evidence is relevant if it tends to make a fact more or less probable than it would without the evidence, and the fact is of consequence in determining the action. To state a prima facie case under the Rehabilitation Act, a plaintiff must show "(1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the

7

employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir.) (1996). "The determination of whether an individual with a disability is qualified is made at the time of the employment decision." *Gual v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

In this case, the relevant time period is March 30, 2022 until September 22, 2022, the time frame during which Plaintiff was supposed to return to work until the date she retired. Dr. McCabe's July 1, 2024 letter, written two years after Plaintiff's retirement, has no probative value to the question of whether Plaintiff's ability to perform light-duty work was ever communicated to the Defendant during the time the employment decisions at issue were being made in 2022. Indeed, Dr. McCabe's July 18, 2022 note, was provided to Defendant during the time when the employment decisions at issue were being made. Dr. McCabe's July 18, 2022 note clearly indicated that Plaintiff could not work. (ECF No. 37-13). Plaintiff has produced no evidence to establish any question of material fact that the Defendant was ever advised in 2022 that Plaintiff could return to work in any capacity. Thus, both Dr. McCabe's July 1, 2024 letter and her proposed testimony at trial are irrelevant to the Rehabilitation Act failure to accommodate claim at issue in this case.

Accordingly, Defendant's Motion to Exclude Dr. McCabe's July 1, 2024 letter will be granted. Dr. McCabe's July 1, 2024 letter will not be considered when assessing Defendant's Motion for Summary Judgment as to Plaintiff's Rehabilitation Act failure to accommodate claim.

### B. Failure to Accommodate Claim

#### i. Prima Facie Case

As regards Plaintiff's failure to accommodate claim under the Rehabilitation Act, Defendant argues that Plaintiff fails to establish a prima facie case, because Plaintiff was not a "qualified individual." (ECF No. 35, at 8). Defendant also argues that Plaintiff never requested any reasonable accommodation. (*Id.* at 14). Plaintiff argues that she can establish a prima facie case for failure to accommodate under the Rehabilitation Act, that she has established a genuine issue of material fact that she requested a reasonable accommodation, and that Defendant failed to engage in any interactive process to accommodate her. (ECF No. 48, at 5-8). Plaintiff further argues that she is a qualified individual under the Rehabilitation Act. (*Id.* at 12-15).

"In order for an employee to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996). Courts apply a two-part test to determine whether someone is a qualified individual with a disability. *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (internals omitted).

> "First, a court must consider whether the individual can perform the essential functions of the job without accommodation. If so, the individual is qualified (and, a fortiori, is not entitled to accommodation)." If the individual cannot perform the essential functions of the job without accommodation, "then the court must look to whether the individual can perform the essential functions of the job with a reasonable accommodation. If so, the individual is qualified. If not, the individual has failed to set out a necessary element of the prima facie case."

*Andrews v. Highmark Health*, 2022 WL 14672734, at *5 (W.D. Pa. 2022) (quoting *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 146 (3d Cir. 1998)). "The determination of whether an individual with a disability is qualified is made at the time of the employment decision." *Gaul*, 134 F.3d at 580.

In this case, the record evidence establishes that Plaintiff represented to Defendant that she was unable work. On July 18, 2022, Dr. Bethanne McCabe, also sent a note to Defendant, stating, "At this time, it is recommended Carol Sikina does not return to work and this will be evaluated at her next exam visit in July 2023." (ECF No. 37-13). On July 22, 2022, Dr. Kali Webb, wrote that Plaintiff "should remain off work until approximately October 2022 at which time she will need to follow up with rehabilitation clinic for reevaluation and return to work recommendations." (ECF No. 37-14). Further, Plaintiff's own statements indicated that she was unable to return to work. *See* (37-1, at 23-24, 26-29). Additionally, the PDI attendees' notes, documenting her four PDIs, illustrate that Plaintiff continuously conveyed to Defendant that she could not work. At Plaintiff's May 2022 PDI, she stated that "she was under doctor's orders not to work." (ECF No. 37-7, at 4-5, 9-10, 14-15). At Plaintiff's June 2022 PDI, she stated "I am still not clear to work. As my Dr. appointment stated on Thursday 6-9-22." (ECF No. 37-8, at 2). At Plaintiff's July 2022 PDI, she stated "I will be out till July 2023." (ECF No. 37-9, at 15). At Plaintiff's September 2022 PDI, she stated, "It's out of my hands. It is not up to me. It is up to my doctor."  (ECF No. 37-10, at 17).

The content of Plaintiff's two doctors' notes clearly conveyed that Plaintiff could not return to work. Plaintiff now contends that she could have worked light-duty and suggests that the word "work" in the two notes only refers to Plaintiff's custodian position and not

to all work. (ECF No. 48). However, under the circumstances, the doctors' notes, and Plaintiff's own representations to Defendant, unequivocally conveyed the Plaintiff's inability to work. Defendant rightfully concluded that Plaintiff could not work at all. Dr. Webb's July 22, 2022 note, which stated that Plaintiff had to follow up with Dr. Webb to receive "return to work recommendations" underscores that Dr. McCabe's note restricted Plaintiff from performing any work until at least October, 2022. If an employee cannot work, even with an accommodation, then they are not a qualified individual. *Deane*, 142 F.3d at 146. Plaintiff represented to Defendant that she could not work. If an employee communicates to their employer that they are unable to work, this is especially true. *Kiniropoulos v. Northhampton Cnty. Child Welfare Serv.*, 917 F. Supp 2d 377, 387 (E.D. Pa. 2013) ("Plaintiff told his supervisor that he was unable to work. Therefore, he could not perform the essential functions of the job as he could not perform any job functions and he is not a qualified individual under the act."). Plaintiff's own representations to Defendant, the PDI notes, and Plaintiff's doctors' notes uniformly communicated that Plaintiff could not return to work during the period between March 2022 through her retirement in September 2022. Accordingly, Plaintiff has not established any genuine issue of material fact that she was a qualified individual under the Rehabilitation Act.

    ii.    **Social Security Disability and Preclusion**

Defendant further argues that Plaintiff's application for Social Security disability, and receipt of disability benefits, precludes her from being a qualified individual under the Rehabilitation Act. (ECF No. 35 at 11). Plaintiff argues that her Social Security disability application, and receipt of benefits, does not preclude her as a qualified individual under the Rehabilitation Act. (ECF No. 48, at 15).

The Third Circuit applies a two-step test to determine whether a plaintiff, who has applied for Social Security disability benefits, is judicially estopped from establishing a prima facie case under the Rehabilitation Act. *See Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 118 (3d Cir. 2003). The analysis requires the Court to "determine whether a plaintiff's assertions are genuinely in conflict, and then evaluate that plaintiff's attempt to explain away the inconsistency." *Id.* In other words, a plaintiff must affirmatively resolve the inconsistent statements. *See Nesby v. Yellen*, 2021 WL 1340000, at *9 (W.D. Pa. 2021) ("To survive summary judgment, a plaintiff may not simply state that the statutory scheme for disability benefits differs from the protections under the Rehabilitation Act; rather, the plaintiff must affirmatively resolve the apparent inconsistency."); *DeGroat v. Power Logistics*, 118 F. App'x 575, 576 (3d Cir. 2004) ("The employee must, however, reconcile the statement that he is too disabled to work for purposes of receiving SSDI benefits with the statement that he is able to perform the essential functions of his job with reasonable accommodation for purposes of the ADA.").

As for the first step, Plaintiff's assertions within her application for Social Security disability benefits conflict with her assertion that she was a qualified individual under the Rehabilitation Act. Plaintiff applied for Social Security disability benefits in December, 2021, and she began receiving Social Security disability payments in May of 2022. (ECF No. 37-16). Within Plaintiff's application, she stated, "I became unable to work because of my disabling condition on November 5, 2021. I am still disabled." (*Id.*). This statement contradicts the assertions made by Plaintiff that she could have worked with an accommodation.

As for the second step, Courts in this circuit have found that when a plaintiff makes a blanket statement that they are "unable to work," they are estopped from claiming that they are qualified individuals. *See Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 119 (3d Cir. 2003) (plaintiff was judicially estopped from claiming he was "qualified" where "[h]e made the blanket statement that he was unable to work" and "unambiguously indicated that his disability prevented him from working at all"); *Ruhl v. Cnty. of Lancaster*, 2011 WL 3862257, at *8 (E.D. Pa. Aug. 31, 2011) (plaintiff had declared he was "unable to work" in an application for Social Security disability benefits; and was, therefore, "estopped from asserting that he was qualified for his position"). Here, Plaintiff indicated within her application for Social Security disability benefits that she was "unable to work because of [her] disabling condition." (ECF No. 37-16). Plaintiff did not include any information within the application to indicate that she could perform her job if given a light-duty assignment. Plaintiff's testimony further supports the contradiction between the statements made within her Social Security application and her present assertion that she was a qualified individual. Plaintiff testified that she is "not allowed" to get another job "[b]ecause my disability." (ECF No. 37-1, at 41). Plaintiff also testified that she may "never" be allowed to work, and that monitoring the status of her disability is an "ongoing situation." (*Id.* at 26-27). The Plaintiff's statements within her Social Security disability benefits application and her own testimony clearly convey an inconsistency between said statements within her Social Security application and her present assertion that she was a qualified individual. This is an irreconcilable inconsistency. As such, Plaintiff's application for Social Security disability benefits also precludes any finding

that she was a qualified individual under the Rehabilitation Act.[2] There is no genuine issue of material fact that Plaintiff was a qualified individual under the Rehabilitation Act. Accordingly, Defendant's Motion for Summary Judgment will be granted.

## IV. Conclusion

For the reasons above, Defendant's Motion to Exclude Evidence and Motion for Summary Judgment will be granted. Judgment will be entered in favor of Defendant and against Plaintiff. The Clerk will mark this case as closed.

DATE: June 25, 2025

Marilyn J. Horan
United States District Judge

---

[2] Even if the Court were to consider Dr. McCabe's July 1, 2024 letter, and her testimony at trial was presented as it is written within that letter, consideration of the letter would not establish a genuine issue of material fact. Dr. McCabe's July 18, 2022 note, which was written and communicated to Defendant during the time relevant to the employment decisions at issue, contradicts her July 1, 2024 letter. Further, the record-evidence overwhelmingly supports that Plaintiff's representations made to Defendant and the two doctors' notes given to Defendant during the relevant time communicated that Plaintiff could not work. Further, the Plaintiff's own declarations within her Social Security disability benefits application confirm her inability to work. Therefore, even with the inclusion of Dr. McCabe's July 1, 2024 letter, there is no genuine issue of material fact that Plaintiff was a qualified individual.